**UNITED STATES of America ex rel.
George ARMSTEAD**

v.

**Harry E. RUSSELL, Superintendent,
State Correctional Institution,
Huntingdon, Pennsylvania.**

**Misc. No. 69-224.**

United States District Court
E. D. Pennsylvania.

Aug. 26, 1969.

See also 303 F.Supp. 278.

George Armstead pro se.

Joseph Musto, Asst. Dist. Atty., Philadelphia, Pa., for Russell, Supt., State Correctional Institution, Huntingdon, Pa.

MEMORANDUM AND ORDER

MASTERSON, District Judge.

This is a petition for a writ of habeas corpus, filed by George Armstead, which attacks his confinement on a sentence imposed pursuant to Bill No. 205, March Term, 1967, Philadelphia Court of Quarter Sessions.

The petitioner is confined at the State Correctional Institution at Huntingdon, Pennsylvania, on a sentence of two and one-half to five years imposed by the Honorable Juanita Kidd Stout on September 17, 1968 after a trial without a jury. He was convicted of felonious use of narcotic drugs in a trial wherein he was represented by private counsel. No direct appeal was taken from his conviction.

On October 25, 1968, he filed a petition under the Pennsylvania Post-Conviction Hearing Act, 19 P.S. § 1180–1 et seq., asserting numerous grounds for the illegality of his conviction. Counsel was appointed to represent him in that petition. On January 17, 1969, Judge Stout ordered that the petitioner be permitted to file post trial motions nunc pro tunc. Motions in arrest of judgment and for a new trial were filed and were argued by counsel for the petitioner and for the Commonwealth on February 5, 1969. Judge Stout then took the matter under advisement. Under these circumstances, we denied relator's petition for a writ of habeas corpus, Miscellaneous No. 4251, in an opinion filed March 17, 1969, on the ground that the relator had failed to exhaust state remedies. On May 6, 1969, Judge Stout denied the motion in arrest of judgment and the motion for a new trial.

On May 22, 1969, the relator filed another petition for a writ of habeas corpus, which is the petition presently before this Court. In this petition, the relator complains of the failure of the state court to consider his Post-Convic-

tion Hearing Act petition. In answering our inquiry, Mr. Albert A. Ciardi, Jr., who is the Deputy Court Administrator, informed us in a letter dated July 30, 1969, that Judge Stout was unaware that a Post-Conviction Hearing Act petition was pending when she denied the relator's post trial motions on May 6, 1969. The letter goes on to explain that after this was brought to Judge Stout's attention in early July, 1969, she reviewed her files and decided to deny the petition under the date of May 6, 1969. Subsequently, we received a letter from the relator dated July 19, 1969, in which he states that he received a letter on July 17, 1969, which enclosed a copy of an order dated May 6, 1969, which notified him that Judge Stout had denied his Post-Conviction Hearing Act petition.

If these facts are true, the thirty day period in which the relator could have appealed the denial of his petition had elapsed without his knowledge as a result of Judge Stout's pre-dating of the order. While we regret the confusion that has occurred, we do not think that the relator can be deemed to have exhausted his state remedies by default, for he can still file another petition under the Post-Conviction Hearing Act requesting leave to appeal the denial of his petition nunc pro tunc. The state courts can then determine whether the relator knowingly and intelligently waived his right to appeal. Accordingly, the present petition before this Court, Miscellaneous No. 69–224, which refers to the earlier petition, Miscellaneous No. 4251, is denied without prejudice for failure to exhaust state remedies.

If the relator files a new petition in the state courts to appeal the denial of his original P.C.H.A. petition nunc pro tunc, we trust that the state courts will see to its early disposition in order to compensate for the delay that has occurred.