UNITED STATES of America ex rel.
George ARMSTEAD
v.
COMMONWEALTH OF PENNSYLVANIA and Philadelphia County.
Civ. A. No. 69-1107.

United States District Court
E. D. Pennsylvania.
Aug. 26, 1969.

George Armstead, pro se.

Phillip Gilligan, Philadelphia, Pa., for the Commonwealth.

## MEMORANDUM AND ORDER

MASTERSON, District Judge.

Petitioner, who is presently incarcerated at the State Correctional Institution at Huntingdon, Pennsylvania, brings this civil rights action under 42 U.S.C. § 1983 against the Commonwealth of Pennsylvania and the County of Philadelphia. Only the Commonwealth was served with process. We granted petitioner leave to proceed in forma pauperis in our Order dated June 24, 1969. Subsequently, the petitioner moved for appointment of counsel and the setting of bail pending the determination of this action and his habeas corpus petition, which is filed in this Court as Miscellaneous No. 69–224, 303 F.Supp. 277.

■ We find that the complaint against the Commonwealth and Philadelphia County is deficient in that neither is a "person" subject to liability within the meaning of the Civil Rights Act. 42 U.S.C. § 1981 et seq.; United States ex rel. Gittlemacker v. County of Philadelphia, 413 F.2d 84 (3rd Cir. July 10, 1969). Liberally construed, however, the complaint also attempts to state a claim individually against the petitioner's unidentified arresting officer. Even viewed in this light, the complaint is deficient because no claim for monetary or injunctive relief is made. Rather, petitioner seeks a discharge from his present confinement, a remedy properly sought by a habeas corpus petition. Such a petition is presently before this Court and has this day been denied for failure to exhaust state remedies. See opinion of Masterson, J., United States ex rel. Armstead v. Russell, Supt., Miscellaneous No. 69–224, 303 F.Supp. 277. Accordingly, the Commonwealth's motion to dismiss the complaint is granted without prejudice to the petitioner's properly suing and serving his arresting officer, and the petitioner's motions for appointment of counsel and for the setting of bail are denied.