441 F.2d 1116
 3 Fair Empl.Prac.Cas. 519, 3 Empl. Prac. Dec. P 8187
Ronald Earle MARTIN, Plaintiff-Appellant,
v.
PACIFIC NORTHWEST BELL TELEPHONE COMPANY, a Washington
corporation,Defendant-Appellee.
 No. 26073.
 United States Court of Appeals, Ninth Circuit.
 April 27, 1971.
 
 George M. Joseph (argued), of Morrison & Bailey, Portland, Or., for plaintiff-appellant.
 Cleveland C. Cory (argued), of Davies, Biggs, Strayer, Stoel & Boley, Portland, Or., for defendant-appellee.
 Before KOELSCH, CARTER and WRIGHT, Circuit Judges.
 PER CURIAM:
 
 
 1
 The principal question on this appeal is whether the well pleaded allegations in plaintiff's proposed amended complaint show that defendant, in discharging plaintiff from its employment, was acting 'under color of' state authority, within the meaning of 42 U.S.C. 1983.[1]
 
 
 2
 Plaintiff, a long time employee of defendant Pacific Bell Telephone, was fired when he refused to work on Saturdays, following his baptizm as a Seventh Day Adventist. A tenet of that Church forbids members to engage in gainful employment on Saturdays. Invoking the Civil Rights Act of 1871, plaintiff brought this action against Pacific Bell seeking reinstatement to his job, an accommodation of his work schedule with his religious obligations, and money damages. The gravamen of his complaint is that Pacific Bell, by discharging him, thereby prohibited him from the free exercise of religion in violation of the First and Fourteenth Amendments to the Constitution of the United States and, in addition, thereby violated Section 1983.
 
 
 3
 Plaintiff alleged in his complaint that Pacific Bell is a Washington corporation authorized to do and doing business in Oregon as a public utility and exercising the privileges of a state protected monopoly.
 
 
 4
 Pacific Bell, responding by motion to dismiss under Rule 12(b)(6) F.R.Civ.P., urged in substance that these allegations did not show action taken 'under color of any state law' and that therefore plaintiff had failed to state a federally enforceable claim. The District Court, apparently agreeing, granted the motion.
 
 
 5
 Plaintiff then tendered and amended complaint. This pleading was similar to the original, except for the detailed specification of the matters that plaintiff relied upon to show the requisite state action. Plaintiff's allegations in effect were that the State of Oregon granted Pacific Bell, as a public utility, the power of eminent domain and the right to construct and maintain without charges telephone lines along public thoroughfares; further that the State through its Public Utilities Commissioner, regulated Pacific Bell's rates for service and prescribed the geographical area in which Pacific Bell could exercise its protected monopoly.
 
 
 6
 The district court, however, concluding that the proposed amendments would add nothing of substance to the asserted claims, denied filing of the amended complaint and entered judgment dismissing the action.
 
 
 7
 The First Amendment expressly restrains the Congress of the United States from enacting any law which abridges certain fundamental rights, including freedom of religion. The due process clause of the Fourteenth Amendment has been interpreted to impose the restrictions of the First Amendment upon the several states and their political subdivisions. Fiske v. Kansas, 274 U.S. 380, 47 S.Ct. 655, 71 L.Ed. 1108 (1927); but it is equally well settled that the prohibitions of the Fourteenth Amendment apply only to state action and not to 'individual invasion of individual rights.' Civil Rights Cases, 109 U.S. 3, 3 S.Ct. 18, 27 L.Ed. 835 (1883). It follows that the violation of such constitutional rights is actionable, under federal law, only when committed by one who is 'clothed with the authority of the state and * * * purporting to act thereunder.' Marshall v. Sawyer, 301 F.2d 639 (9th Cir. 1962).
 
 
 8
 The fact that a private corporation, such as Pacific Bell, enjoys an economic monopoly which is protected and regulated by the state does not necessarily bring its every act within the purview of Section 1983. Kadlec v. Illinois Bell Tel. Co., 407 F.2d 624 (7th Cir. 1969), Cert. denied 396 U.S. 846, 90 S.Ct. 90, 24 L.Ed.2d 95, for as well stated in Powe v. Miles,407 F.2d 73, 81 (2nd Cir. 1968), 'the state must be involved not simply with some activity of the institution alleged the have inflicted injury upon a plaintiff but with the activity that caused the injury.' In this case, plaintiff's allegations at most concern Pacific Bell's public service functions; they neither show nor tend to show an intrusion by the State into matters of Pacific Bell's internal management.
 
 
 9
 Plaintiff's discharge, of course, comes under the latter head.
 
 
 10
 Affirmed.
 
 
 
 [1]
 1983. Civil action for deprivation of rights. Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, and citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. R.S. 1979.'