UNITED STATES of America ex rel.
Walter P. KRENKOWITZ

v.

T. A. CAVANAUGH, Warden, Northampton County Prison, Easton,
Pennsylvania

and

The Board of County Commissioners of
Northampton County, Easton,
Pennsylvania.

Civ. A. No. 71–150.

United States District Court,
E. D. Pennsylvania.

Jan. 14, 1972.

Walter P. Krenkowitz, pro se.

Andrew L. Herster, Jr., Northampton County Sol., Easton, Pa., for defendants.

MEMORANDUM AND ORDER

MASTERSON, District Judge.

On January 20, 1971 plaintiff filed this civil rights action under 42 U.S.C. §

1983 with jurisdiction predicated upon 28 U.S.C. § 1343 (Civil Rights) and § 1331 (Federal Question). Plaintiff seeks injunctive relief requiring the defendants to afford him credit on his current prison sentence for time served under a previous conviction which this Court overturned in U. S. ex rel. Krenkowitz v. Rundle, 317 F.Supp. 1378 (E.D.Pa.1970). In addition, plaintiff seeks to recover damages from the defendants for his illegal incarceration under the prior conviction. The defendants have moved to dismiss plaintiff's complaint and for the following reasons that motion will be granted.

## I.

In 1963, plaintiff was convicted for burglary in Northampton County, Pennsylvania and received a sentence of three to six years. On May 17, 1967 he was paroled. On September 26, 1967 he pled guilty to another burglary charge and was sentenced to a four to eight year term. Shortly thereafter, the parole board filed a detainer against him for violation of the terms of his probation. Under Pennsylvania law, the board might have committed him to serve the balance of his unexpired three to six years sentence (without credit for time on parole) at the expiration of his four to eight year sentence on the second burglary.

After exhausting his state court remedies, plaintiff successfully challenged the validity of his 1963 conviction in a habeas corpus petition before this Court.[1]

As a consequence of our decision, the state courts were forbidden to use the 1963 conviction to the plaintiff's detriment *in the future*, i. e. the State could not incarcerate the plaintiff for violation of his parole based on that conviction. Before we issued the writ of habeas corpus, Krenkowitz had served three years, six months and nine days in prisons of the Commonwealth. He now claims that the defendants are constitutionally mandated to extend credit for that period of time and apply it to his remaining sentence on the second conviction.

## II.

Plaintiff's petition for injunctive relief must fall on several grounds. First, it is our judgment that this aspect of his complaint is actually a petition for habeas corpus since the relief requested would affect the length of time he must serve in prison. As such, the law demands that he first exhaust his state court remedies before entering Federal Court. And the civil rights statute may not be used to circumvent this important requirement. See U. S. ex rel. Armstead v. Russell, 303 F.Supp. 277 (E.D.Pa.1969); U. S. ex rel. Armstead v. Commonwealth of Pa., 303 F. Supp. 278 (E.D.Pa.1969); (Opinion of Masterson, J.); Gaito v. Strauss, 368 F.2d 787 (3rd Cir. 1966), aff'g. 249 F. Supp. 923 (W.D.Pa.), cert denied, 386 U.S. 977, 87 S.Ct. 1173, 18 L.Ed.2d 139; Christman v. Commonwealth of Pa., 272 F.Supp. 805 (W.D.Pa.1967).

Aside from the exhaustion principle, it is well established that the Constitution does not require that the state courts credit plaintiff with any time served under his first conviction. See U. S. ex rel. Di Rienzo v. State of New Jersey, 423 F.2d 224, 226, n. 3 (3rd Cir. 1970); U. S. ex rel. Watson v. Commonwealth and Common Pleas Court of Pennsylvania, 260 F.Supp. 474 (E.D.Pa. 1966) (Lord, 3rd, Chief Judge). Indeed, in granting Krenkowitz's habeas corpus petition, we held that he enjoyed no constitutional right to credit for the three and one-half years unlawfully served in Pennsylvania prisons.

Turning to the issue of damages, we note that the plaintiff seeks recovery from T. A. Cavanaugh, Warden of the Northampton County Prison and the

---

1. We granted his petition for habeas corpus because the four year delay in bringing him to trial violated the Fourteenth Amendment. The first burglary occurred in 1959, but the trial was delayed without excuse until 1963.

Board of County Commissioners of Northampton County. It is unclear from the complaint whether the latter defendants are sued in their individual capacity, or whether the county itself is the actual defendant. Of course to the extent that plaintiff seeks monetary recovery against the County, the complaint must be dismissed since a municipality is not a person within the meaning of § 1983. See Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961).

In our judgment, as a matter of law, Warden Cavanaugh and the County Commissioners as individuals could not be held pecuniarily liable under the civil rights act for the damage done to the plaintiff. We reached this conclusion because none of the named defendants actually *caused* or inflicted the constitutional deprivations suffered by the plaintiff.

█ Although the Warden of a prison may be pecuniarily liable for summarily punishing a prisoner [2] or similar constitutional deprivations, nevertheless, applying traditional principles of tort law as required by Monroe v. Pape, we do not believe Warden Cavanaugh's actions in merely holding the prisoner as directed by the court could expose him to personal liability under § 1983. Apart from any possible defense of good faith on his part, Warden Cavanaugh simply did not *cause* the constitutional violation in the first instance, rather the deprivation was caused by the conviction itself.

█ The County Commissioners who presumably supervised the Northampton prison are even more remote in the chain of causation than defendant Cavanaugh. We hold, therefore, as a matter of law, that they cannot be held liable in damages for plaintiff's misfortune. In short, because the county is immune and the named defendants are too remote in the chain of causation, we are compelled to conclude that Congress has provided no remedy against the named defendants to compensate him for the constitutional deprivations which he suffered. Although this result may seem improper, Congress or the Pennsylvania State Legislature must provide the remedy.

---

2. See e. g. Sostre v. McGinnis, 442 F.2d 178 (2nd Cir. 1971).