**PARTICULAR CLEANERS, INC.** and
**Frances Entwistle, Plaintiffs-
Appellants,**

v.

**COMMONWEALTH EDISON COMPANY,**
**Defendant-Appellee.**

**No. 71-1349.**

United States Court of Appeals,
Seventh Circuit.

Feb. 11, 1972.

Warren P. Landsman, George H. Gerstman, Norman Lettvin, Robert L. Landsman, Chicago, Ill., for plaintiffs-appellants.

C. Richard Johnson, Richard G. Ferguson, Chicago, Ill., for defendant-appellee; Isham, Lincoln & Beale, Chicago, Ill., of counsel.

Before HASTINGS, Senior Circuit Judge, and KILEY and KERNER *, Circuit Judges.

HASTINGS, Senior Circuit Judge.

Plaintiffs Particular Cleaners, Inc., an Illinois corporation, and Frances Entwistle, a citizen of the United Kingdom residing in Oak Park, Illinois, filed a so-called "civil rights" action against defendant Commonwealth Edison Company (Edison), a private Illinois corporation engaged in the commercial distribution

---

* Judge Kerner heard oral argument, but did not participate in the adoption of this opinion.

of electricity. The gravamen of the complaint relates to Edison's practice of requiring a security deposit from certain customers, who cannot otherwise show credit, prior to the commencement of electrical service.

In substance, Count I of the complaint alleges that the method used by Edison for determining which prospective customers will be required to pay the deposit is arbitrary, capricious and discriminatory, and is violative of plaintiffs' rights secured by the Equal Protection Clause of the Fourteenth Amendment of the Federal Constitution. Plaintiffs seek to prosecute this cause as a class action and apparently predicate their action under Title 42 U.S.C.A. § 1983 [1] and by reason thereof assert jurisdiction under Title 28, U.S.C.A. § 1343(3).[2]

Count II of the complaint is based on the claim that Edison's security deposit policies violate Section 38, Ill.Rev.Stat., ch. 111⅔ (1969), which prohibits rate discrimination. The only jurisdiction of the federal district court on this count was based on the theory of pendent jurisdiction.

The trial court dismissed both counts of the complaint on Edison's motion. Count I was dismissed on the ground that Edison's challenged security deposit requirement did not constitute state action sufficient to satisfy the jurisdictional requirements of § 1983, *supra*. Since Count I was dismissed, the trial court necessarily dismissed Count II,

there being no remaining pendent jurisdiction.

The primary question on this appeal is whether the alleged discriminatory collection of security deposits by Edison, authorized by General Order 172—Revised issued by the Illinois Commerce Commission, constitutes conduct under color of state action that will subject it to a civil rights action under § 1983, *supra*. Further, is the disposition of this case controlled by Kadlec v. Illinois Bell Telephone Company, 7 Cir., 407 F.2d 624 (1969), cert. denied, 396 U.S. 846, 90 S. Ct. 90, 24 L.Ed.2d 95, as the district court held?

■ General Order 172—Revised provides, *inter alia*, for the collection of limited security deposits from applicants or customers seeking to use "cooling, electric, gas, heating, telephone, sewer or water service rendered by any public utility." The complaint does not challenge the propriety of the action of the Illinois Commerce Commission or the order itself. It complains of "the standards and policies arbitrarily dictated by numerous representatives of" Edison. The order in no way directs or orders the collection of any security deposits. It merely serves to limit the power of public utilities to require deposits. There is no allegation that a public utility could not require such a deposit without this regulation. The decision to require security deposits to insure credit and its application of this policy in any

---

1. "§ 1983. Civil action for deprivation of rights

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

2. "§ 1343. Civil rights and elective franchise

The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:

*       *       *       *       *

(3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States;

*       *       *       *       *."

particular case is strictly a private management decision to be made by Edison in its own normal business operation. Edison is neither the State of Illinois nor an agency thereof. We fail to see how the execution of these policies by Edison in the context of the case before us could constitute state action.

 In Kadlec v. Illinois Bell Telephone Company, *supra,* we held that a telephone company's discontinuance of plaintiffs' "Cal-Pak" service pursuant to its own regulations filed with state authorities did not amount to conduct taken under color of state law and would not support an action based on § 1983. Plaintiffs seek to distinguish *Kadlec* from their case by claiming that in *Kadlec* it was the public utility's *own regulation* that was involved while here the regulation was issued by the Illinois Commerce Commission. We find this unpersuasive. As above pointed out, the state did not act on its own regulation. Edison executed its own policies, limited only by the state regulation.

In the case at bar, the state in no sense benefited from, encouraged, requested or cooperated in the decision to collect security deposits from plaintiffs. *See Kadlec,* at 626.

*Kadlec* was followed in Martin v. Pacific Northwest Bell Telephone Company, 9 Cir., 441 F.2d 1116 (1971), cert. denied, 404 U.S. 873, 92 S.Ct. 89, 30 L. Ed.2d 117 (1971), where the court said at 1118: "The fact that a private corporation, such as Pacific Bell, enjoys an economic monopoly which is protected and regulated by the state does not necessarily bring its every act within the purview of Section 1983. * * * [citing Kadlec] * * *. In this case, plaintiff's allegations at most concern Pacific Bell's public service functions; they neither show nor tend to show an intrustion by the State into matters of Pacific Bell's internal management." *See* Powe v. Miles, 2 Cir., 407 F.2d 73, 81 (1968); and Lucas v. Wisconsin Electric Power Company, D.C.E.D. Wis., 322 F.Supp. 337, 340 (1970).

We have considered cases cited by plaintiffs seeking to distinguish *Kadlec* and find them inapposite to our present consideration. Further, the parties have argued other issues on appeal which were argued to the district court but not reached by it in its decision. We do not find it necessary to reach them here.

As was simply stated in *Kadlec,* 407 F.2d at 626–627: "Here, the nexus between the state and defendant's conduct was not sufficient to maintain an action under § 1983." And we perceive no substantial difference between the state action asserted in *Kadlec* and that asserted here.

We affirm the district court's dismissal of appellants' complaint.

Affirmed.