UNION INSULAR de TRABAJADORES INDUSTRIALES Y CONSTRUC-CIONES ELECTRICAS et al., Plaintiffs,

v.

AUTORIDAD de las FUENTES FLUVIALES de PUERTO RICO et al., Defendants.

UNION de EMPLEADOS PROFESIONA-LES de la AUTORIDAD de FUENTES FLUVIALES (INDEPENDIENTE) et al., Plaintiffs,

v.

AUTORIDAD de las FUENTES FLUVIALES de PUERTO RICO et al., Defendants.

Civ. Nos. 75–595 and 75–699.

United States District Court, D. Puerto Rico.

Aug. 18, 1975.

Nicolás Nogueras, San Juan, P. R., Leonardo Llequis, Rio Piedras, P. R., for plaintiffs.

Fiddler, González & Rodríguez, Wilfredo Marcial-González, Río Piedras, P. R., for defendants.

## OPINION

TORRUELLA, District Judge.

As will be seen in this opinion, Plaintiffs' claim of an action pursuant to the Civil Rights Act, 42 U.S.C. § 1893 in reality concerns a labor dispute.[1]

The individual Plaintiffs were employed by Defendant Autoridad de las Fuentes Fluviales de Puerto Rico (hereinafter called the "Authority") which, as established by law[2] and as alleged in both Complaints, is a governmental instrumentality of the Commonwealth of Puerto Rico. Plaintiff unions represent the Individual Plaintiffs for collective bargaining purposes and have such contracts with the Authority.

Sometime on or about May 30, 1975 the Authority laid off the Individual Plaintiffs alleging economic reasons. Thereafter this action was brought pursuant to 42 U.S.C. § 1983 seeking injunctive relief and damages.

At the hearing held on August 7, 1975, and considering documents, affidavits and briefs filed by the parties pursuant to pretrial orders, it became apparent that the issues presented were narrow in scope.

First of all it is clear that the Authority, as an instrumentality of the Commonwealth of Puerto Rico, is not a "person" within the meaning of 42 U.S.C. § 1983. *Monroe v. Pape,* 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1964); *Cheramie v. Tucker,* 493 F.2d 586 (CA 5, 1974), cert. den., 419 U.S. 868, 95 S.Ct. 126, 42 L.Ed.2d 107 (1974); *Edwards v. Phila. Electrical Co.,* 371 F.Supp. 1313 (E.D.Pa., 1974), affd., 510 F.2d 1969 (CA 3, 1975). However, in view of our disposition of this case, we need not discuss this issue further.

During the hearing Individual Plaintiffs, through counsel, admitted that there were no issues related to alleged violations of "liberty". Neither was it claimed that "stigma" attached to these dismissals or that the layoffs were allegedly the result of Plaintiffs' exercise of First Amendment rights.

Individual Plaintiffs are all "regular"[3] employees of several years standing with the Authority. Pursuant to the collective bargaining contracts between the Plaintiff Unions and the Authority, Individual Plaintiffs had substantial fringe benefits after a specified number of years of employment.

The evidence presented by Plaintiffs failed to reveal any other than economic reasons as the grounds for the layoffs. Although there is no record of prior economic layoffs by the Authority, the collective bargaining contracts, particularly the seniority clauses, contain language which shows that the possibility of such layoffs was contemplated as a contingency of employment with the Authority. Furthermore, the provisions of the grievance and arbitration clauses of the said agreements indicate that such layoffs entitled the Individual Plaintiffs to a postdismissal hearing before the grievance committee and/or arbitrator.

Individual Plaintiffs contend, however, that notwithstanding said contractual provisions, any person who is a public employee on a "regular" basis acquires a "property interest" of such nature as to require a pre-dismissal hearing. They cite *Board of Regents v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972) and *Perry v. Sindermann,* 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972), as authority for this proposition. Under the present circumstances, reliance on *Roth* and *Sindermann* is misplaced. Cf. *Arnett v. Kennedy,* 416 U.S. 134, 151–158, 94 S.Ct. 1633, 40 L.Ed.2d 15 (1973).

---

1. Although not alleged, this Court would lack jurisdiction of these actions pursuant to 29 U.S.C. § 185 because the corporate Defendant is not an "employer" within the meaning of that statute. See *P.R. Marine Management v. II.A,* 398 F.Supp. 118 (DCPR, 1975).

2. Law No. 83 of May 2, 1941 (22 LPRA 191 et seq.)

3. I. e., non-probationary.

■ To begin with, whether Individual Plaintiffs have such a property interest depends upon state law. *Board of Regents v. Roth,* supra, 408 U.S. at page 577, 92 S.Ct. 2701; *Amezquita v. Hernández Colón,* 518 F.2d 8, at page 11 (CA 1, 1975).

■ In the case at bar there is no relevant state statute granting such property rights. Thus, the nature of the property rights of Individual Plaintiffs, if any, vis a vis their employment, must be determined by examining their employment contracts, which in this case are the collective bargaining agreements. See *Arnett v. Kennedy,* supra, 416 U.S. footnote 2 at page 167, 94 S.Ct. 1633. As previously stated, the possibility that layoffs would occur is covered by said contracts. The fact that the Authority had carried out no layoffs for a long period of time did not detract from their power to do so and gave rise to no more than a unilateral expectation of continued employment. The collective bargaining agreements, however, did not create a legitimate entitlement to be protected from layoffs other than by establishing seniority rights in such cases and by the granting of post dismissal remedies for any violation to those rights. Violation of such rights, if any, may give rise to a contractual or Commonwealth remedy but not to an action which is cognizable in this Court. See *P.R. Marine Management v. International Longshoremen Assoc.* supra.

■ There may have been *subjective* expectations of continued employment, as were voiced by several witnesses, but these do not support a property interest entitled to constitutional protection.[4] The distinction is one between "a unilateral expectation" of a property interest, and "a legitimate claim of entitlement" to it. The Supreme Court of the United States determined in *Roth* that the latter was entitled to constitutional protection against deprivation without certain procedural guarantees, while the *former* was not.

Lastly, we must deal with the contention of Plaintiff Unions to the effect that they have a property interest, separate and apart from Individual Plaintiffs, which is protected by 42 U.S.C. § 1983. It is their contention that the Defendants' actions deprive them of union dues and other similar "property." No authority is relied upon by Plaintiff Unions for this argument.

■ It would seem that any "property" right to be claimed by Plaintiff Unions would also be subject to any limitations contained in the collective bargaining agreements. Under said contracts the right of Plaintiff Unions to union dues and similar "property" is derivative from and contingent upon, any right that Individual Plaintiffs may have to employment. Considering that we have already ruled that Individual Plaintiffs' are subject to layoffs, and that Plaintiff Unions' "rights" are dependent upon such individuals being employed, this far-fetched contention falls of its own weight.

In view of the above, it is ORDERED that the Complaints herein be and hereby are dismissed. A judgment shall be entered accordingly.

IT IS SO ORDERED.

---

4. Plaintiffs make no such allegations here although there is proof that they have also invoked other forums on said matters.