## DUHNE *v.* STATE OF NEW JERSEY ET AL.

### MOTION FOR LEAVE TO FILE BILL OF COMPLAINT.

No. —, Original. Argued January 5, 1920.—Decided January 12, 1920.

The federal courts have no jurisdiction of a suit brought by a citizen against his own State without its consent. P. 313.

In § 2 of Art. III of the Constitution, the second clause merely distributes the federal jurisdiction conferred by the preceding one into original and appellate jurisdiction, and does not itself confer any. *Id.*

Permission will not be granted to file an original bill if jurisdiction to entertain it is clearly lacking. P. 314.

Motion denied; rule discharged.

THE case is stated in the opinion.

*Mr. Everett V. Abbot,* with whom *Mr. Edward Hollander, Mr. George W. Tucker* and *Mr. Benjamin Tuska* were on the brief, for plaintiff, maintained that since, in Art. III, the Constitution declares that the judicial power shall extend to *all* cases arising under the Constitution, and vests in this court original jurisdiction in all cases in which a State shall be a party, it was the absolute duty of the court to entertain the bill. For the questions which the bill presented, as to the invalidity of the proposal and ratification of the so-called Eighteenth Amendment, indubitably made a case arising under the Constitution and so within the judicial power of the United States. A State was a party to it, and therefore, by the plain letter of the Constitution, this court had, and must take, jurisdiction. The words were so plain that they would not admit exceptions based on attempted interpretation. There were many conflicting *dicta* on the right of a citizen to sue his own State, but this, apparently, was the first time in which an application of this kind had been pre-

sented. He characterized the discussion of the question in *Hans* v. *Louisiana*, 134 U. S. 1, as *obiter*, the real situation there being that the Circuit Court had not jurisdiction because, by the act of Congress, its jurisdiction was concurrent only with that of the state courts.

By far the most elaborate and most comprehensive contribution to the discussion was made by Chief Justice Marshall in a unanimous opinion of this court in *Cohens* v. *Virginia*, 6 Wheat. 264. In that case he took a position exactly contrary to that which he had advanced before the Virginia Convention as quoted by this court in *Hans* v. *Louisiana*. Such a complete reversal of views in a jurist of his weight and authority was a striking tribute to the strength of the argument that the Constitution means what it says. His observations, though not necessary to the decision, were unanswerable—the only discussion of the question grounding itself frankly upon the language of the Constitution and examining its words to ascertain its meaning. Therefore, it was the only discussion relevant to the present purpose, making clear that the letter of the Constitution is also its spirit.

It was not true to say that this suit was without the consent of the State, for the State had given its continuing consent to such suits by accepting the Constitution.

*Mr. Thomas F. McCran*, Attorney General of the State of New Jersey, for the State of New Jersey.

*The Solicitor General*, with whom *Mr. Assistant Attorney General Frierson* was on the brief, for defendants other than the State of New Jersey.

Memorandum opinion by MR. CHIEF JUSTICE WHITE, by direction of the court.

The complainant, a citizen of New Jersey, asked leave to file an original bill against the Attorney General of the

United States, the Commissioner of Internal Revenue thereof and the United States District Attorney for the District of New Jersey, as well as against the State of New Jersey. The bill sought an injunction restraining the United States officials named and the State of New Jersey, its officers and agents, from in any manner directly or indirectly enforcing the Eighteenth Amendment to the Constitution of the United States, any law of Congress or statute of the State to the contrary, on the ground that that Amendment was void from the beginning and formed no part of the Constitution.

Answering a rule to show cause why leave to file the bill should not be granted, if any there was, the defendants, including the State of New Jersey, denied the existence of jurisdiction to entertain the cause and this is the first question for consideration.

So far as the controversy concerns the officials of the United States, it is obvious that the bill presents no question within the original jurisdiction of this court and in effect that is not disputed since in substance it is conceded that the bill would not present a case within our original jurisdiction if it were not for the presence of the State of New Jersey as a defendant. But it has been long since settled that the whole sum of the judicial power granted by the Constitution to the United States does not embrace the authority to entertain a suit brought by a citizen against his own State without its consent. *Hans* v. *Louisiana,* 134 U. S. 1; *North Carolina* v. *Temple,* 134 U. S. 22; *California* v. *Southern Pacific Co.,* 157 U. S. 229; *Fitts* v. *McGhee,* 172 U. S. 516, 524.

It is urged, however, that although this may be the general rule, it is not true as to the original jurisdiction of this court, since the second clause of § 2, Article III, of the Constitution, confers original jurisdiction upon this court "in all cases affecting ambassadors, other public ministers and consuls, and those in which a State shall be a party." In

other words, the argument is that the effect of the clause
referred to is to divest every State of an essential attribute
of its sovereignty by subjecting it without its consent to
be sued in every case if only the suit is originally brought
in this court. Here again the error arises from treating
the language of the clause as creative of jurisdiction in-
stead of confining it to its merely distributive significance
according to the rule long since announced as follows:
"This second clause distributes the jurisdiction conferred
in the previous one into original and appellate jurisdiction,
but does not profess to confer any. The original juris-
diction depends solely on the character of the parties, and
is confined to the cases in which are those enumerated
parties and those only." *Louisiana* v. *Texas,* 176 U. S.
1, 16. That is to say, the fallacy of the contention con-
sists in overlooking the fact that the distribution which
the clause makes relates solely to the grounds of federal
jurisdiction previously conferred and hence solely deals
with cases in which the original jurisdiction of this court
may be resorted to in the exercise of the judicial power as
previously given. In fact, in view of the rule now so well
settled as to be elementary, that the federal jurisdiction
does not embrace the power to entertain a suit brought
against a State without its consent, the contention now
insisted upon comes to the proposition that the clause
relied upon provides for the exercise by this court of
original jurisdiction in a case where no federal judicial
power is conferred.

As the want of jurisdiction to entertain the bill clearly
results, it follows that the permission to file must be and
it is denied and our order is,

*Rule discharged.*