**BROWN BROTHERS EQUIPMENT COMPANY, a Michigan corporation, Plaintiff,**

v.

**STATE OF MICHIGAN and Michigan State Highway Commission, Defendants.**

Civ. A. No. 5567.

United States District Court
W. D. Michigan, S. D.

April 7, 1967.

Glassen, Parr, Rhead & McLean, Lansing, Mich., Roland F. Rhead, Lansing, Mich., of counsel, for plaintiff.

Frank J. Kelley, Atty. Gen., by Robert J. Taube, Asst. Atty. Gen., Lansing, Mich., for defendants.

## OPINION ON MOTION TO DISMISS

FOX, District Judge.

Plaintiff, a Michigan corporation, claims an agreement between it and the State of Michigan and the Michigan State Highway Commission. It seeks equitable relief from this court against the soverign State of Michigan.

Article XI of the United States Constitution prohibits a suit against a sovereign state in federal courts by either foreign citizens or citizens of other states of the Union. Hans v. State of Louisiana, 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842; State of North Carolina v. Temple, 134 U.S. 22, 10 S.Ct. 509, 33 L.Ed. 849; State of California v. Southern Pacific Co., 157 U.S. 229, 15 S.Ct. 591, 39 L.Ed. 683; Fitts v. McGhee, 172 U.S. 516, 524, 19 S.Ct. 269, 43 L.Ed. 535; Kennecott Copper Corp. v. State Tax Commission, 327 U.S. 573, 66 S.Ct. 745, 90 L.Ed. 862.

In Duhne v. State of New Jersey, 251 U.S. 311, 40 S.Ct. 154, 64 L.Ed. 280, and Georgia Railroad & Banking Co. v. Redwine, 342 U.S. 299, 72 S.Ct. 321, 96 L.Ed. 335, the United States Supreme Court has ruled that Article XI also denies federal courts jurisdiction to hear suits brought against a state by a citizen who

is a resident of that state. These cases are authority for the proposition that only where the state expressly consents to the action will the federal courts have jurisdiction to hear such matters. The State of Michigan has not consented to the bringing of this action in federal court, nor is there any basis for implied consent.

The Sixth Circuit Court of Appeals in Copper S. S. Co. v. State of Michigan, 194 F.2d 465, considered Public Act 135 of 1939, as amended, M.S.A. 27A.6401 et seq. (C.L.S. '61, § 600.6401 et seq.), which created the Court of Claims. Section 600.6419(1) (a) confers the power and jurisdiction upon the Court of Claims:

"To hear and determine all claims and demands, liquidated and unliquidated, ex contractu and ex delicto, against the state and any of its departments, commissions, boards, institutions, arms or agencies."

The Sixth Circuit Court of Appeals held in the Copper case, supra, that the Court of Claims Act does not by its terms consent to suits against the State of Michigan by a private citizen in federal courts. At Page 468 of its opinion, the Court said:

" * * * there was no intention in creating the Court of Claims to enlarge or extend the existing jurisdiction of the federal court over the State or any of its departments, commissions or agencies. * * * "

■ This court is without jurisdiction to hear and consider the claim of the plaintiff and to grant the relief the plaintiff seeks, since the Michigan State Highway Commission and the State of Michigan have not consented to its jurisdiction.

■ Brown Brothers Equipment Company's complaint does not plead jurisdiction. Since jurisdiction of a federal court is not presumed, the complaint must, as against a motion to dismiss for want of jurisdiction, allege facts showing jurisdiction. Miller v. Brown Shipbuilding Co., 5 Cir., 165 F.2d 956.

■ Under Rule 8(a) of the Federal Rules of Civil Procedure, 28 U.S.C., a plaintiff suing in a United States district court, must show affirmatively the existence of whatever is essential to jurisdiction, and if he does not do so, the court on discovering the defect must dismiss the case, unless it is cured by amendment. Smith v. McCullough, 1926, 270 U.S. 456, 46 S.Ct. 338, 70 L.Ed. 682; Gibbs v. Buck, 1939, 307 U.S. 66, 59 S.Ct. 725, 83 L.Ed. 1111; Miller v. Brown Shipbuilding Co., 5 Cir., 1948, 165 F.2d 956; Underwood v. Maloney, 256 F.2d 334, at 338 (C.A.3, 1958).

The complaint cannot withstand a motion to dismiss.

This court reaches its decision based upon the complaint filed by the plaintiff, defendants' motion to dismiss, and the brief in support of their motion to dismiss.

Rule 6 of the Local Court Rules for the United States District Court for the Western District of Michigan provides that a moving party shall file a written brief containing a concise statement of the reasons in support of the motion and cite any authorities upon which he relies. A copy of such motion and brief shall be served upon opposing counsel at the time they are filed with the court, and a party opposing such motion may within ten days after being served with said motion and written brief, file a reply thereto, including a reply brief, and shall serve a copy thereof on opposing counsel.

After the expiration of ten days, if no such response is filed, the court on its own motion may proceed to dispose of the motion by entry of an appropriate order.

On March 21, 1967, defendants mailed a copy of their motion to dismiss, notice of hearing, and brief in support of their motion, to Mr. Roland F. Rhead, Attorney at Law, Glassen, Parr, Rhead & McLean, Suite 800 Davenport Building, Lansing, Michigan 48933, attorney for plaintiff, Brown Brothers Equipment Company, and on March 22, 1967. A copy of the proof of service was filed in this court. On the same day they filed

their Motion to Dismiss, Notice of Hearing, and Brief in Support of Motion with the court. The ten days expired on April 3, 1967.

In a letter of March 27, 1967, addressed to this court, signed by Robert J. Taube, Assistant Attorney General, 537 Stevens T. Mason Building, Lansing, Michigan, he stated:

"The suit relates in part to construction scheduling of the Michigan Department of State Highways on a portion of Interstate highway I-496 in Ingham County and therefore time is a critical factor."

■ Thus, this court concludes the case can be disposed of by it upon the documents presently on file with this court.

This opinion constitutes the appropriate order contemplated by Local Rule 6.

Defendants' motion to dismiss the above entitled action is hereby granted.