Philip J. HIRSCHKOP, Appellant,

v.

Honorable Harold F. SNEAD, Honorable Lawrence W. I'Anson, Honorable Lee Carrico, Honorable Albertis S. Harrison, Honorable Alexander M. Harman, Jr., Honorable George Cochran, Honorable Richard H. Poff, in their official and individual capacities, Appellees.

No. 79–1490.

United States Court of Appeals, Fourth Circuit.

Argued March 3, 1981.

Decided April 14, 1981.

Rehearing and Rehearing En Banc Denied July 15, 1981.

See also, 4 Cir., 594 F.2d 356.

Bernard J. Dimuro, Alexandria, Va. (John D. Grad, Philip J. Hirschkop, Hirschkop & Grad, Alexandria, Va., Jeremiah S. Gutman, New York City, Richard C. Shadyac, Fairfax, Va., on brief), for appellant.

John W. Riely, Richmond, Va. (James E. Farnham, Jack E. McClard, Hunton & Williams, Richmond, Va., on brief), for appellees.

Before RUSSELL, WIDENER and HALL, Circuit Judges.

WIDENER, Circuit Judge:

Philip J. Hirschkop appeals from the denial by the district court of his motion for attorney's fees pursuant to the Civil Rights Attorney's Fees Awards Act of 1976, amending 42 U.S.C. § 1988. Hirschkop filed his original suit, from which this appeal derives, against the Virginia State Bar, and certain of its officials, and the Justices of the Virginia Supreme Court, challenging the constitutionality of Disciplinary Rule 7–107 (DR 7–107) of the Code of Professional Responsibility. The State Bar defendants and Hirschkop settled their differences, but the Justices were retained in the suit as defendants because they had promulgated the rule in question in their official capacities on petition of the Virginia State Bar. See 594 F.2d 356, at 363, and n.4. The district court held that the rule was valid, 421 F.Supp. 1137 (E.D.Va.1976). This court, then, in an en banc decision, reversed the district court and held that DR 7–107 was unconstitutional except as it applied to criminal jury trials. *Hirschkop v. Snead,* 594 F.2d 356 (4th Cir. 1979). Our opinion noted that only the "facial constitutionality" of the rule was in question.[1] 594 F.2d at 363.

On April 2, 1979, the district court entered judgment on the merits generally in favor of Hirschkop pursuant to our decision. On May 1, 1979, Hirschkop moved the district court for an award of attorney's fees.

The district court denied the motion on the grounds that the motion was not filed within the ten-day period set out in FRCP 59(e) for altering or amending a judgment.

Hirschkop contends that attorney's fees awarded under 42 U.S.C. § 1988 are awarded as costs. Therefore, he argues, FRCP 54(d) should apply, making his motion timely.

We affirm the judgment of the district court, 475 F.Supp. 59, although for a different reason than the one it relied upon, *S.E.C. v. Chenery,* 318 U.S. 80, 88, 63 S.Ct. 454, 459, 87 L.Ed. 626 (1943), because we are of opinion that *Supreme Court of Virginia v. Consumers Union of the U. S.,* 446 U.S. 719, 100 S.Ct. 1967, 64 L.Ed.2d 641 (1980), controls this case. *Consumers Union* was decided subsequent to the order appealed from and not available to the district court at the time it entered its order.

In *Consumers Union,* the Supreme Court of Virginia and others were sued under 42 U.S.C. § 1983, challenging the constitutionality of DR 2–102(a)(6), a disciplinary rule, as here, restricting attorneys' advertising. The Virginia Court was sued because it had promulgated the rule in question, and the district court held the rule unconstitutional. Consumers Union's motion for an award of attorney's fees against the Virginia Court was granted.

The Supreme Court vacated and remanded. It held that in promulgating the rule in question the Virginia Supreme Court was acting in a legislative capacity. 446 U.S. 731, 100 S.Ct. 1974. The Court further held that the award of attorney's fees against the Virginia Court was error because it was based on promulgation or failure to amend the rule in question, acts or omissions of that Court for which it enjoyed absolute legislative immunity. 446 U.S. 734, 738, 100 S.Ct. 1975, 1977.

---

1. The issue was limited in the district court as here to "the question of the facial unconstitutionality of DR 7–107" following Hirschkop's settlement with the State Bar defendants. See Appendix pp. 17–19 in case No. 76–2016.

Hirschkop acknowledged this in his brief filed in that case when he stated: "... the only issue at trial was the facial constitutionality of DR 7–107, ...."

*Consumers Union* is directly on point here. In each case, action of the Virginia Court complained of consisted of the promulgation of a challenged disciplinary rule. Clearly, that Court was acting here in a legislative capacity in the promulgation of the rule and therefore is absolutely immune. Thus, no award of attorney's fees can be made against that Court under 42 U.S.C. § 1988 because of such an act done in a legislative capacity.

The judgment of the district court is accordingly

*AFFIRMED.*