John M. ABICK; James R. Bradley; John B. Carruthers; Gerald Clancy; Isadore Coles; Ruth Cotten; Lucius C. Daniel, Jr.; Charles W. David; Raymond C. DeRyck; Bruce Goldsmith; Richard A. Hentschel; Calvin C. Hopkins; Lloyd Jackson; Raymond Kay; John J. Kiritsis; Edward B. Lewand; Phillip Mullen; Steven Radulovich; Elmer Raskin; Clay Reeves; Francis D. Ryan; George L. Van Antwerp, Jr.; Bernard Vessels; Richard Viecelli; Julius Watson; Edward Wojtowicz; Charlie Currie; Robert Eston; Thornton Jackson; James Kinnard; Alfonso Newkirk; Robert Perry; Theodis Poole; Robert Ruhl; William Shuford; Raymond Sikora; Ernest Solomon and Jeramia Weatherly, Plaintiffs-Appellants.

v.

STATE OF MICHIGAN; Chief Justice G. Mennen Williams; Justice Dorothy Comstock Riley; Justice Charles L. Levin; Justice James L. Ryan; Justice James H. Brickley; Justice Michael F. Cavanagh; Justice Patricia J. Boyle; State Judiciary Council, jointly and severally, Defendants-Appellees.

No. 85–1443.

United States Court of Appeals, Sixth Circuit.

Aug. 1, 1986.

Decided Oct. 23, 1986.

Sue E. Radulovich (argued), Detroit, Mich., Ronald P. Sandler, for plaintiffs-appellants.

George H. Weller, Asst. Atty. Gen. (argued), Lansing, Mich., for defendants-appellees.

Before MERRITT and MARTIN, Circuit Judges, and BERTELSMAN,* District Judge.

BOYCE F. MARTIN, Jr., Circuit Judge.

The plaintiffs, bailiffs of the district court for the thirty-sixth judicial district of Michigan who in the past were servers of

---

* The Honorable William O. Bertelsman, United States District Judge for the Eastern District of Kentucky, sitting by designation.

process for the district, claim that they have a property interest in their positions which was taken without due process or just compensation. The bailiffs claim that the taking was caused by a new Michigan Supreme Court rule and brought this action against the State of Michigan, the State Judicial Council, and the individual justices of the Michigan Supreme Court. The bailiffs seek injunctive relief as well as damages.

The United States District Court held that Michigan and the State Judicial Council, technically the bailiffs' employer, were immune from suit under the eleventh amendment. The court held that the justices of the Michigan Supreme Court were protected by legislative immunity. 607 F.Supp. 687, 689–91 (E.D.Mich.1985). The United States District Court alternatively found that the bailiffs were not deprived of a constitutionally protected property interest. *Id.* at 691–93. We affirm because we hold that the defendants enjoy immunity from suit.

The essence of the bailiffs' claim is that by statute, they are the exclusive servers of process in the thirty-sixth district. They claim that they were guaranteed a lifetime tenure by M.C.L.A. § 600.8322(1) which states that a bailiff can retain his office "until death, retirement, resignation, or removal from office by the court for misfeasance or malfeasance in office." Their salary is $20,000 plus fees or a pro rata share if they serve part-time. M.C.L.A. § 600.-8322(6). The bailiffs claim that the exclusivity of serving process is acknowledged in a portion of M.C.L.A. § 600.8322(1) which provides that "[a]ll process issued by the district court in civil actions shall be rotated among the bailiffs pursuant to rules adopted by the court."

The general provision on service of process, M.C.L.A. § 600.8321(1) states that "[c]ivil process in the district court shall be served by a sheriff, deputy sheriff or a court officer appointed by the judges of the court for such purpose." Section 600.-8321(2) provides that "[u]nder the rules of the supreme court, any other person may

serve any process or order of the district court which does not require the seizure, attachment or garnishment of property or the arrest of a person." The district court rule in effect before March, 1985, Rule 103, provided: "[p]rocess in civil actions may be served by any person under or pursuant to § 8321(1) of the Revised Judicature Act and by any other person of suitable age and discretion who is not a party nor an officer of a corporate party upon leave of court." The bailiffs claim that under the combination of statute and District Court Rule 103, persons other than bailiffs rarely served process.

District Court Rule 103 was replaced by Michigan Supreme Court Rule 2.103. Rule 2.103 provides for process to be served "by any legally competent adult who is not a party or an officer of a corporate party" except for service involving seizure, attachment, garnishment or arrest. The bailiffs claim that this change of the rule so that leave of court to serve process is no longer required has caused a taking of their job, a constitutionally protected property interest, because other persons now routinely serve process. They claim that service of process by bailiffs has diminished greatly.

As an initial matter, we must determine whether the defendants are immune from suit. The law is clear that Michigan and its agency, the State Judicial Council, under the eleventh amendment, are immune from an action for damages or injunctive relief in federal court. *Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 97–98, 104 S.Ct. 900, 906, 79 L.Ed.2d 67 (1984). However, the state can be sued if it consents to the suit and therefore waives its immunity. *Pennhurst,* 465 U.S. at 99, 104 S.Ct. at 907; *Alabama v. Pugh,* 438 U.S. 781, 782, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978). Consent must be in the form of an "unequivocal indication," *Atascadero State Hospital v. Scanlon,* 473 U.S. 234, ——, 105 S.Ct. 3142, 3145 n. 1, 87 L.Ed.2d 171 (1985), and only where stated " 'by the most express language or by such overwhelming implication from the text as [will] leave no room for any other

reasonable construction.'" *Edelman v. Jordan,* 415 U.S. 651, 673, 94 S.Ct. 1347, 1360, 39 L.Ed.2d 662 (1974) (quoting *Murray v. Wilson Distilling Co.,* 213 U.S. 151, 171, 29 S.Ct. 458, 464, 53 L.Ed. 742 (1909)).

■ The bailiffs argue that Michigan waived its immunity by enacting M.C.L.A. § 600.6419(1) and M.C.L.A. § 600.6440, two sections of the Court of Claims Act. Section 600.6419(1) states in pertinent part that "[e]xcept as provided in section 6440, the jurisdiction of the court of claims as conferred upon it by this chapter over claims and demands against the state or any of its departments, commissions, boards, institutions, arms or agencies shall be exclusive." Section 600.6440 provides in part that "[n]o claimant may be permitted to file claim in said court against the state or any department, commission, board, institution, arm or agency thereof who has an adequate remedy upon his claim in the federal courts." In *Copper Steamship Co. v. State of Michigan,* 194 F.2d 465, 468 (6th Cir.1952), this Court specifically held that these two sections did not constitute a waiver of Michigan's eleventh amendment immunity. The bailiffs claim that this Court erred in interpreting the Michigan statutes. However, the Michigan Court of Appeals recently held that the Court of Claims Act does not waive Michigan's immunity from suit. *Lowery v. Department of Corrections,* 146 Mich.App. 342, 349, 380 N.W.2d 99 (1985) (citing *Brown Bros. Equipment Co. v. State of Michigan,* 266 F.Supp. 506, 507 (W.D.Mich.1967)). *Accord Will v. Department of Civil Service,* 145 Mich.App. 214, 220, 377 N.W.2d 826 (1985). We therefore see no reason to alter our holding in *Copper Steamship* that the Court of Claims Act is not a waiver of immunity.

■ The bailiffs also argue that a waiver of immunity is found in the eminent domain provision of the Michigan Constitution which states that "[p]rivate property shall not be taken for public use without just compensation therefor being first made or secured in a manner prescribed by law. Compensation shall be determined in pro-

ceedings in a court of record." Mich. Const. art. 10, § 2. This provision is not a waiver of immunity in this case because there has been no taking for public use. In addition, even if the provision could possibly be construed as a waiver, a conclusion we do not reach, the provision is certainly too ambiguous to satisfy the requirement that the provision be a clear statement of Michigan's "intention to subject itself to suit in *federal court.*" *Atascadero,* 473 U.S. ——, 105 S.Ct. at 3147 (emphasis in original). Thus, Michigan is immune from suit.

■ The employer of the bailiffs, the State Judicial Council, as an arm and agent of the state, also enjoys eleventh amendment immunity. *Alabama v. Pugh,* 438 U.S. 781, 782, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978). An exception to this rule has been created if the suit is one challenging the constitutionality of a state official's action. *Pennhurst,* 465 U.S. at 102, 104 S.Ct. at 909; *Ex Parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). Here, only the entity of the State Judicial Council was named as a defendant. No particular individual's conduct is challenged as unconstitutional so the exception cannot apply. The State Judicial Council shares Michigan's sovereign immunity provided by the Eleventh Amendment.

■ The final class of defendants, the justices of the Michigan Supreme Court, claim that they have legislative immunity for any suit relating to the promulgation of Michigan Supreme Court Rule 2.103. A provision such as Rule 2.103 relating to service of process is a rule of practice and procedure. *See Chovin v. E.I. DuPont De Nemours & Co.,* 217 F.Supp. 808, 811 (E.D. Mich.1963); *Daniels v. Detroit, Grand Haven & Milwaukee Railway Co.,* 163 Mich. 468, 473–74, 128 N.W. 797, 806 (1910); *Morrison v. Steiner,* 32 Ohio St.2d 86, 89, 290 N.E.2d 841, 844 (1972). Article 6, Section 5 of the Michigan Constitution delegates the responsibility of promulgating court rules relating to practice and proce-

dure to the Michigan Supreme Court. If the Michigan Supreme Court promulgates a rule which conflicts with a statute, the rule is followed. *Buscaino v. Rhodes,* 385 Mich. 474, 479–80, 189 N.W.2d 202, 204–06 (1971); *Perin v. Peuler,* 373 Mich. 531, 541, 130 N.W.2d 4, 10 (1964). The Michigan Supreme Court's promulgation of rules of practice and procedure is a legislative activity. *See Supreme Court of Virginia v. Consumers Union of the United States,* 446 U.S. 719, 100 S.Ct. 1967, 64 L.Ed.2d 641 (1980); *Hirschkop v. Snead,* 646 F.2d 149, 151 (4th Cir.1981); *In re Oliver,* 452 F.2d 111, 114 (7th Cir.1971). In *Supreme Court of Virginia v. Consumers Union of the United States,* 446 U.S. 719, 100 S.Ct. 1967, 64 L.Ed.2d 641 (1980), the Court held that the justices of the Virginia Supreme Court enjoyed legislative immunity for a claim based on the promulgation of a set of rules to govern the Virginia Bar. The Supreme Court held that when promulgating these rules, the justices of the Virginia Supreme Court were acting in a legislative capacity and in fact were "the State's legislators." *Id.* at 734, 100 S.Ct. at 1975. As such, the justices were entitled to legislative immunity. *Id.* Similarly, the justices of the Michigan Supreme Court were acting in their legislative capacity and therefore are entitled to legislative immunity.

Having determined that all the defendants are immune from suit, we need not reach the issue of the existence of a property interest.

We affirm.